MONICA J. BENTON
UNITED STATE MAGISTRATE



FILED
LODGED
RECEIVED  MAIL

APR 02 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

ANTHONY EUGENE LEWIS
(Name of Plaintiff)

No. CO7-1517-MJP-MJB

vs.

CITY OF SEATTLE,

SEATTLE POLICE DEPT
GIL KERLIKOWSKE, A SEATTLE POLICE CHIEF
SEARGANT HAWARD, A SEATTLE POLICE OFFICER
MICHEAL TIETIEN, A SEATTLE POLICE OFFICER
JAMES LEE, A SEATTLE POLICE OFFICER
KERRY ZIEGER, A SEATTLE POLICE OFFICER
(Names of Defendants)

**CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983**

I. **Previous Lawsuits**:

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner:

☒ Yes      ☐ No

B. If your answer to A is yes, how many?: _____2_____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff _____ANTHONY E. LEWIS_____

Defendants _____N/A_____

1

2. Court (give name of District)

_____ *N/A* _____

3. Docket Number ____ *N/A* _____

4. Name of judge to whom case was assigned ___ *N/A* _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim?  Was it appealed? Is it still pending?)

_____ dismissed with prejudice. _____

6. Approximate date of filing lawsuit ____ *N/A* _____

7. Approximate date of disposition ____ *N/A* _____

II. **Place of Present Confinement:** Washington STATE PENITENTIARY, 1313 N. 13TH AVE, WALLA WALLA, WA, 99362

  A.  Is there a prisoner grievance procedure available at this institution?   ☐ Yes       ☐ No

  B.  Have you filed any grievances concerning the facts relating to this complaint?

                                              ☒ Yes       ☐ No

      If your answer is NO, explain why not _____

_____

  C.  Is the grievance process completed?             ☒ Yes       ☒ No

      If your answer is YES, **ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**
                            *N/A*

III. **Parties to this Complaint**

  A.  Name of Plaintiff: Anthony E. Lewis _____   Inmate No.: **986577**

     Address: WASHINGTON STATE PENITENTIARY, 1313 N. 13TH AVE, WALLA WALLA, WA, 99362

    (In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment.  Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

  B.  Defendant Gil Kerlikowske _____ ; official position **Chief of Police** ;
    place of employment Seattle Police Dept. _____ .

C.  Additional defendants Micheal Tietjen, a seattle Police. officer, for seattle police. Dept,
James lee, a seattle police officer, for seattle police dept, kerry zieger, a seattle police officer, for
Seattle police Dept, Chief of police Gil kerlikowske, seattle police Sgt, Hazard, City of seattle, seattle
police department, office of professional Accountability,

## IV.  Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved,
including dates, places, and other persons involved.  Do not give any legal arguments or cite any
cases or statutes.  If you allege a number of related claims, number and set forth each claim in a
separate paragraph. Attach additional sheets if necessary.)

(BACKGROUND FACTS)

On March 10, 2005 around 8:50 AM Anthony E. Lewis and Lonnie Lee McClure were
in seattle walking on a public side walk near Belltown neighborhood. A seattle police
Department (SPD) Van drove by Mr. Lewis and Mr. McClure. The three SPD Officers James Lee
Micheal Tietjen and Kerry Zieger are believed to have been inside the SPD Van. The officers
in the Van looked at MrLewis and Mr. McClure as they drove by Mr Lewis and MrMcClure continued
walking down the street.   Near by a group of homeless people were standing on the corner.
The SPD police van drove by again. One of the SPD officers in the van yelled out the window
at Mr Lewis and Mr McClure to remove their hands from their pockets. MrLewis told
the officer he did not have  probable cause to order them to remove their hands from their pockets
Mr Lewis and Mr McClure continued walking with their hands in their pockets. At no time
did Mr Lewis or Mr McClure threaten the officers or act suspiciously or commit a crime
in the officers presence. Officer  Lee stopped the SPD van and defendants Lee, Tietjen and
Zieger got out. Officer  Tietjen and lee ordered Mr Lewis to remove his hands from his
pockets while zieger detained Mr McClure. MrLewis responded by telling the officers they
had no probable cause to stop him and order him to remove his hands from his pockets
He walked away from the officers. Mr Lewis made no threatening gestures. Officer
Tietjen used force to stop Mr Lewis. Officer Tietjen punched MrLewis in the head and tackled
Mr Lewis down to the side walk. As Mr Lewis lay face up on the side walk officer
Tietjen put his hands around MrLewis neck and began choking Mr Lewis while
ordering him to remove his hands from his pockets. Officer Lee punched MrLewis twice
in the testicles and penis while ordering him to remove his hands from his pockets.
Mr Lewis told the defendant officers they had no probable cause to hurt him. As a
result of defendant Tietjen choke hold Mr Lewis lost Consciousness and the officers were
then able to pull Mr Lewis hand free from his coat pocket and discover he was in possession
of drugs. MrLewis and MrMcClure were both arrested at the scene. At no time leading up
to or during the officer's stop, assault and battery of Anthony Lewis and Lonnie Lee McClure
were they disorderly or a threat to the safety of themselves or others.
Mr Lewis asked the officers to take him to the hospital and to speak with their sgt.
The officers refused and stated to Mr lewis he needed to shut up he was not a Jail

3

house lawyer and the only way he was not going to jail is if he died.

The SPD took Mr. Lewis and Mr. McClure both to the station house in separate vehicles. At the station house Mr. Lewis had a seizure and fell to the floor. The SPD officers gathered around together laughing and mocking Mr. Lewis and refused to help him.

Eventually the fire Department and ambulance arrived and advised SPD to take Mr. Lewis to the hospital. Defendant Seattle Police Officers Lee and Tietjen took Mr. Lewis to harborview Medical Center. At the hospital the emergency room doctors and staff treated Mr. Lewis for his injuries related to his testicles and penis. He had bruising under his eye a swollen testical and wrist injury.

The SPD officers booked Mr. Lewis into Seattle, King County Correctional facility for a 72 hour investigation for violation of the uniform contoled substance Act. On March 12, 2005 Mr. Lewis was released from king county jail pending the filing of charges. After treatment at harborview Medical Center. Of 2006 Mr. Lewis primary care physician continued to treat Mr. Lewis to his injuries to his testicals and penis and perinneal pain and and advised Mr. Lewis, he would not be able in the future to father children.

Mr. Lewis at the time of the assualt and battery was single and without having fathered children.

Mr. Lewis was publicly humiliated. He was in pain after being punched in the head, tackled, punched in the testicals and penis and pinned to the ground by SPD officer(s).

On or about October, of 2005 plaintiff was summoned to appear in king county Superior Court in order to be formally arraigned on felony violation of the uniformed controlled substance Act under cause No. 05-1-09086-0 SEA. On December 5, 2005, based on

defendant(s) Tietjen, Lee and Zieger testimony and incident reports Mr. Lewis was found guilty. On December 6, 2005 a day after the Court denied Mr. Lewis 3.6 motion and found him guilty in a stipulated fact's trial. Officer James Lee, contacted the prosecutor and revealed he had committed perjury under oath on 12-5-05 during Mr. Lewis trial. During Mr. Lewis, trial officer Lee, was asked twice on direct examination whether or not anyone hit, kicked or punched Mr. Lewis during the arrest, Officer Lee, twice replied no!

However, after officer Lee, testimony and Mr. Lewis guilty finding, Lee went back and reviewed a use of force statement and revealed to the prosecutor that he had infact punched Mr. Lewis, in the pelvic area of his body twice.

Based on newly discovered evidence of Officer Lee's statement to the prosecutor and court and Mr. Lewis counsel, along with a signed affidavit by Dorothy McClure who is Lonnie Lee McClure's, mother, stating: Mr. McClure's admission having been a witness who was along side Mr. Lewis, while they were unlawfully stopped, detained by defendant's officer(s) Micheal Tietjen, James Lee, and Kerry Zieger and Mr. Lewis was forced to remove his hands from his pockets for no reason by a use of force of assualt and battery. In which they were both arrested and handcuffed and taken to the precinct in seperate vehicles and Mr. McClure was ultimately released hours later from the police precinct.

Mr. Lewis, based on newly discovered evidence, was granted a mistrial on April 28, 2006. On May 12, 2006 Mr. Lewis, was unlawfully summoned to re-appear in King County Court to be formally re-arraigned for violation of the uniformed controlled substance Act under the same case# 05-1-09086-0 SEA based on the March 10, 2005 incident.

On October 3, 2006, Mr. Lewis, felony criminal case under cause No. 05-1-09086-0SEA, was dismissed with prejudice. Based on a lack of Determination Of probable cause to Arrest, filed by Seattle police officer Micheal Tietjen. A local news paper reporter Mike carter, from The Seattle Times, which featured on June 24, 2007 page A-11 (A suspected drug dealer claimed he was improperly stopped downtown, allegedly roughed up by two officers and arrested. One of the two officers testified at trial no force was used in the arrest, even though his hand written incident report said force had been used. The next day, the officer disclosed his erroneous testimony to the prosecutor and judge, who declared a mistrial. Internal investigators decided the officers mistake was unintentional and should be handled as a "training issue". The officer received counseling from his supervisor. But records of the internal investigation obtained by The Times also showed that the other officer had arrested, handcuffed and released a second man who was at the scene, and failed to record that arrest in his report - disregarding the same department policy violated in the Patterson case. In this case, as in the Patterson case, that officer was "Micheal Tietjen.") Another local newspaper reporter Hector Castro of The Post Intelligence, featured, (A drug bust by two Seattle police officers that was recorded by a store surveillance camera continues to trouble some in the community, including the civilian auditor who reviewed an internal investigation into allegations of misconduct surrounding the arrest. This week, the FBI confirmed

that it has opened a routine inquiry into the case of
Officer(s) Greg Neubert and Mike Tietjen" to see whether
they violated the civil rights of George Troy Patterson
when they arrested him Jan 2. 2007. The charge
against Patterson were later dropped, and the case
received wide spread attention after prosecutors
alerted several local defense lawyers that an internal
investigation had been opened into the actions of the
officers during the arrest. The Seattle Police
Department's internal investigative unit, the Office
of Professional Accountability, cleared the officers
of charges that they used excessive force and planted
drugs on Patterson. However, Neubert got a written
reprimand and Tietjen a one-day suspension for
failing to note in their police reports that they
had handcuffed and detained a second man. (see Appendix=A)

        Kate Pflaumer, the accountability office auditor
who reviewed the case agreed with the main conclusion
that the officers did not plant drugs on Patterson.

        But she said Tuesday, she didn't find it credible
that the officers simply forgot they had detained a
second man and believes they purposely mislead
investigators.) As in petitioner's case defendant's
Tietjen, Lee and Zieger, failed to report they had stopped,
detained, arrested, handcuffed and released Mr. Lewis
cousin, Connie Lee McClure, who was apparently at the
scene, who could testify that Mr. Lewis, was not in any drug
transaction as officer Micheal Tietjen, asserted in his
Determination for Probable Cause to arrest Mr. Lewis.

        Officer(s) Lee, failed to turn over a use of force
reports to the prosecuting attorning and Mr. Lewis.

                              -7-

counsel prior to trial as a part of 4.7 discovery. It was
Mr. Lewis, who produced his medical examination records
during his trial as evidence of having been assaulted by officer(s)
Tietjen and Lee, and having been treated at harborview medical
Center for injuries related to bruising above his eye,
head, wrist, penis and testical area from the assault
and battery incident on March 10, 2005.

Officer kerry Zieger, failed to include in his incident
reports he had in fact held and detained Mr. Lewis,
Cousin, Lonnie Lee McClure, who was apparently a witness
at the scene, While officer(s) Tietjen and Lee, unlawfully
used excessive force of assualt and battery against
Mr. Lewis, to force him to remove his hands from his pockets. In which, Zieger, aided and
assisted handcuffing Mr. Lewis. All three officer(s) Tietjen,
Lee, and Zieger, stated during trial Mr. Lewis, clearly
exclaimed prior to their orders for Mr. Lewis, to remove his
hands from his pockets. They the (Police) didn't have probable cause
to stop him, and he didn't need to comply with the
direction being given to him. Mr. Lewis filed 2 seperate claims
for damages, with the city of seattle, under claim # 76855 and claim # 77122,
at the city clerks office, on May 12, 2006 and July 18, 2006, and
filed a compliant with the Seattle Police Departments-office
of Professional Accountability on or about April of 2006.

Plaintiff, further contacted Local agencies for support:
The American Civil Liberty Union, The Seattle Human Civil Rights
Office , The Public Defender, Racial Disparity Unit, The NAACP
(who I documented and photo copied all corresponding documents,
The Cochran foundation, of Los Angeles, California, and The
Cochran firm in Alabama, and local Television and newspaper(s)
Such as The Seattle Times, Who reporter Mike Carter

featured plaintiffs, unlawful arrest, and assualt and battery
on June 24, 2007, page A-11, (reference refered to page 6 of plaintiffs
complaint.)

# FIRST CLAIM

Defendant, The city of Seattle, a municpal corporation, in it's official and individual
capacity, acting under color of state law did violate plaintiffs, 1st, 4th, 9th, 10th,
fourthteen th Amendment rights. By negligence on the
city of seattle's behalf, to deprive plainaiff, protection, under progicedural
due process, to have properly supervised the training or process
requirements, applied to it's hiring and supervision of its public officials
or entities, under their structured accordance policy, custom and practice,
for, The city of seattle's, Seattle Police Department - Office of Professional
Accountability, Seattle Police Department's, Chief of Police, GiL kerlikowske,
Seattle, Police, Sgt. Hazard, Seattle Police officer
Micheal Tietjen, Seattle Police Officer James Lee,
and Seattle Police Officer Kerry Zieger, in their official
and individual capacities. In order, to insure Plaintiffs
due process protection of rights, against a redress of
grievances against the city of seattle's, claims section, (1.n.)
(2) individual complaints for Claims of Damages, filed with
the city of seattle's city clerks office, under claim #76855, on May 12, 2006, and
claim #77122, filed on July 18, 2006, and in plaintiffs, First claim of facts, pertaining
to a 42 U.S.C §1983 CIVIL RIGHTS Complaint under case # C07-1517-MJP-
MJB, filed on 1-10-08.

## SECOND CLAIM

Defendant, The city of seattle, a municipal corporation in it's official and individual capacity, acting under the color of state law, did violate plaintiffs, 1ST, 4TH, 9TH, 10th, 14TH Amendment rights. When the City of Seattle's claim section (deprived plaintiffs right to a reasonable resolution) of claims for Damages, under claim #76855, filed on May 12, 2006 and claim #77122, filed on July 18, 2006, pertaining to the March 10, 2005 incident. Plaintiff (suffered from substantive and procedural due process) by the city of seattle's claim section's negligence, involation of it's policy, custom and practice, to have investigated and evaluated all relevant, supporting documents presented in plaintiffs advantage. For the purpose of recommending a reasonable resolution of plaintiffs claims, which would have resulted one of the city of seattle's three alternatives: 1. Pay a sum of money. 2. Tender — transfer to another party or entity. 3. Deny - where there is no evidence of any negligence by the city.

## THIRD CLAIM

Defendant, The city of seattle, a municipal corporation in it's official and individual capacity, acting under the color of state law, did violate plaintiffs, 1ST, 4TH, 9TH, 10th fourthteen th Amendment rights. When the city of seattle (deprived plaintiff, procedural due process) by the city of seattle) Claims Section, investigator assigned to claim #76855 filed on May 12, 2006 and claim #77122 filed on July 12, 2006, (as a petition) for the recovery of damages) against the government (being the local city of seattle.) for a redress of grievances, occuring on March 10, 2005.

-10-

## FOURTH CLAIM

Defendant, the city of Seattle, a municipal corporation, in it's official and individual capacity, acting under the color of state law, did violate plaintiffs, 1st, 4th, 9th, 10th, 14th Amendment rights. When the city of Seattle, deprived plaintiff the right to procedural due process, (to pay a sum of money to plaintiff) applied by it's, policy, custom and practice. (1) Pay a sum of money, upon the city of seattle's, conclusive investigation of plaintiffs, claim for damages filed with the city of seattle, under claim # 76855 filed on May 12, 2005, and claim # 77122 filed on July 18, 2006, based on relevant supporting documents, of the March 10, 2005 incident.

## FIFTH CLAIM

Defendant, the city of Seattle, a municipal corporation, in it's official and individual capacity, acting under color of state law, did violate plaintiffs, 1st, 4th, 9th, 10th, 14th Amend rights. As a result of plaintiff (suffering) a loss of recovery of a sum of money, by the city of seattle, depriving plaintiff of procedural due process under it's policy, custom and practice, to pay a sum of money to plaintiff, upon finding evidence of any negligence by the city. The city of seattle caused plaintiff harm by depriving him a right to just compensation for damages sustained over a period of time beginning from March 10, 2005.

## SIXTH CLAIM

Defendant, seattle police department - office of professional accountability in their official and individual capacity, acting under color of state law, did violate plaintiffs, 1st, 4th, 9th, 10th, 14th Amendment rights. By negligence on the part of the seattle police department - office of professional accountability, for depriving

plaintiffs rights to substantive due process protection, applied by it's policy, custom and practice for a fair and impartial internal investigation. Plaintiff, filed a complaint with the office of professional Accountability on or about May of 06, seeking an investigation into an assualt and battery, false arrest, imprisonment and malicious prosecution by the seattle police Department, on March 10, 2005. A Lt. Micheal Kebba, held an inhouse interview with plaintiff, concerning his allegations, and responded by letter on 5-25-05 of it's departments intention for a fair and impartial facts and findings for it's conclusions, of plaintiffs allegations. The Seattle police Department office of Professional Accountability, decision was arbitrary and capricious, in it's conclusion of facts and findings, that the officers act of assualt and battery against plaintiff was a mistake and and unintentional and should be handled as a "training issue" and not a constitutional violation of plaintiffs, 1st, 4th, 5th, 6th, 8th, 9th, 10th, 14th Amendment rights, against racial profiling against a particular group or persons.

## SEVENTH CLAIM

Defendant Gil Kerlikowsk, a seattle police chief in his official and individual capacity, acting under color of state law, did violate plaintiffs, 1st, 4th, ninth and fourteenth Amendment rights of substantive and procedural due process by using his position as supervisor, as an abuse of power by arbitrarally depriving plaintiff, from receiving a fair and impartial facts finding and conclusion into the internal investigation. He influenced by commanding that officer(s) Micheal Tieljen, James Lee and kerry ziegers, mistake, of unlawful probable cause to stop detain, assualt and battery, false arrest and imprisonment of plaintiff, on March 10, 2005, should be treated as a training issue and not as an act of racial profiling againts a particular group of persons.

## EIGTH CLAIM

Defendant, City of seattle, in it's official

and individual capacity, acting under color of law, did violate to plaintiff's first, fourth, 8th, 9th, 10th, fourthteenth Amendment rights by which the city of seattle, failed to properly screen the training proceedures, to have anticipated the prevention of officer(s) Tietjen, Lee and ziegers, mistake, of unlawful probable cause to stop, detain, assualt and battery, false arrest and imprisonment, and failure to include use of force reports, and witness arrest reports, disregarding Seattle Police Dept. policy, applied to plaintiff on March 19 2005. According to the city of seattle's, Police Department, internal investigation unit - Office of Professional Accountability, investigative conclusion, officer(s) Tietjen, Lee and ziegers, unlawf conduct was a "mistake" and should be treated as a "training issue", and the city of seattle, city clerks office claims section, failure of due process to resolve plaintiff, claim under #76855 and #77122, by providing plaintiff a reasonal resolution.

## NINTH CLAIM

Defendant, Sgt. Hazard, in his official and individual capacity, acting under color of state law did violate plaintiff, 1ST, 4TH E16TH, 9th, 10th and fourthteenth Amendment right to receive immediate medical attention after having been unlawfully assualted and falsly imprisoned at the police precinct by officer(s) Tietjen, Lee and zieger.

Defendant Sgt. Hazard, along with a camera in hand, approached plaintiff, who had been held over a period of time in handcuff restraints, sitting on the floor of a glass observation cell

Defendant Sgt. Hazard, approached Mr. Lewis and asked was it true he had been assualted by his officer(s) - meaning Tietjen and Lee. Plaintiff, replied yes and that he needed to go to the hospital,

Defendant Sgt. Hazard, stated to plaintiff, that first, Mr. Lewis, would have to stand up and be photographed before taken to the hospital.   Plaintiff, do to his injuries, relating to bruising above his eye, head, penis and testicals, from having been unlawfully assualted and battered by co-defendant's, Officer Tietjen and Lee; had a serzure and fell to the floor. Defendant, Sgt. Hazard, and other officer(s) gathered together around Mr. Lewis, and began laughing and Mocking Mr. Lewis, stating "what was he doing, it aint going to work - it aint going to work!") and refused to help Mr. Lewis.

Eventually the fire Department and ambulance arrived and advised the seattle police Department to take Mr. Lewis to the hospital.

Defendant Sgt. Hazard, personally participated in causing the harm alleged in this NINTH CLAIM, by his negligence to deprive Mr. Lewis, of life & liberty of immediate medical attention, on March 10, 2005.

## TENTH CLAIM

Defendant's, Seattle police officer(s) Micheal Tietjen, James Lee and Kerry Zieger, in their official and individual capacity, acting under color of state law did violate plaintiffs, 1st, Fourth, Fifth, 8th 9th, 10th and 14th Amendment rights. By disegarding seattle Police Dept. policy of not having lawful   probable cause, to stop, detain, and use excessive force of assualt and battery to force Mr. Lewis, to remove his hands from his coat pockets, on March 10, 2005.

-14-

## ELEVENTH CLAIM

Defendant's, seattle police officer(s)
Micheal Tietjen, James Lee and kerry zieger,
in their official and individual capacity acting under
color state law did violate plaintiffs, first, fourth, fifth, 8th, 9th, 10th and
14th Amendment rights, When defendent's
Tietjen, Lee and zieger, disregard Mr. Lewis, right
to freely and peaceably assemble along side his
cousin Lonnie Lee McClure, walking with their
hands in their coat pockets. Defendants, ordered
Mr. Lewis and his cousin to remove their hands from
their coat pockets, for no apparent lawful reason.
   When plaintiff, exercise freedom of speech to
inform the officer(s) they did not have probable cause
to tell them to take their hands out of their pockets.
   Defendant(s) Tietjen, and Lee, used excessive
force of assualt and battery to unlawfully force
plaintiff, to remove his hands, from his pocket's, on
March 10, 2005.

## TWELVTH CLAIM

Defendant's seattle police officer(s) Micheal
Tietjen, James Lee and kerry zieger, in their official
and individual capacity, acting under color of state law, did violate, plaintiffs, 1st,
fourth, fifth, 9th, 10th and 14th Amendment rights.
   When defendant's Tietjen, Lee and zieger, unlawfully
and without probable cause, stopped and detained plaintiff
from walking on a city of seattle public sidewalk,
on March 10, 2005.

-15-

## THIRTHTEENTH CLAIM

Defendant's, seattle police officer(s) Micheal Tietjen, James Lee and kerry zieger, in their official and individual capacity, acting under color of state law did violate plaintiffs 1st,4th fifth, Eigth, Ninth,10th, fourthteenth Amendment rights. When defendant's, Tietjen, Lee and zieger, unlawfully and without probable cause, seized plaintiff by excessive use of force, from freely and peaceably walking alongside his cousin Lonnie Lee McClure, on a city of seattle public sidewalk on March 10, 2005.

## FOURTHTEENTH CLAIM

Defendant's, Seattle police officer(s) Micheal Tietjen, James Lee, and kerry zieger, in their official and individual capacity acting under color of state law did violate plaintiffs 1st, 4th fifth, Eigth, Ninth, 10th, fourthteenth Amendment rights. When defendant's, Tietjen, Lee and zieger, unlawfully and without probable cause, arrested plaintiff, by excessive use of force, from freely and peaceably walking alongside his cousin Lonnie Lee McClure, on a city of seattle public sidewalk on March 19 2005.

## FIFTHTEENTH CLAIM

Defendant's, Seattle police officer(s) Micheal Tietjen James Lee and kerry zieger, in their official and individual capacity acting under color of state law did violate plaintiff, 1st,4th 8th, 9th, 10th, and fourthteenth Amendment rights. When defendants

Tietjen, Lee and zieger, unlawfully and without
probable cause, falsly imprisoned plaintiff, at the
seattle police precinct, on March 10, 2005.

## SIXTHTEENTH CLAIM

Defendant's, seattle police officer(s) Micheal
Tietjen, James Lee and kerry zieger, in their official
and individual capacity, acting under color of state law did violate plaintiff, 1st, 4th, 5th
Eigth, 9th, 10th and 14th  Amendment rights. When defendant's
unlawfully and without probable cause, used excessive
force of assualt and battery against plaintiff.
   Defendant's, deprived plaintiff immediate medical
attention by transporting plaintiff, to the nearest
hospital for treatment for his injuries related to their
unlawful assualt and battery. Defendant's, Tietjen,
Lee and zieger, transported plaintiff, to the seattle
police precinct and falsly imprisoned him, inside a
glass see through holding cell for a period of time.
   Plaintiff, had a seizure do to having been deprived
immediate medical attention on the floor of the
precinct. Eventually the fire deparment and ambulance
arrived and advised the seattle police department to
take plaintiff to the hospital, on March 10, 2005.

## SEVENTEENTH CLAIM

Defendant's, seattle police officers, Michael Tietjen, James Lee
and kerry zieger, in their official and individual capacity
acting under color of state law did violate plaintiff, 1st, 4th, 5th, Eighth, 9th, 10th and 14th

-13-

Amendment rights. When defendant's, Tietjen, and Lee, took plaintiff, to the hospital, only after the fire department and ambulance arrived at the precinct to treat plaintiff, who having been deprived immediate medical treatment, due to the officers assualt and battery, had a seizure and fell to the floor and the ambulance team ewho arrived advised the seattle police department to take Mr. Lewis to the hospital, on March 10, 2005

## EIGTHTEENTH CLAIM

Defendant's, Seattle police officers, Tietjen, Lee and zieger in their official and individual capacity acting under color of state law. did violate plaintiffs; first, fourth, fifth, 8th, 9th, 10th, and 14th. Amendment rights. When defendant's, Tietjen, Lee and zieger, Unlawfully and without probable cause, falsly imprisoned plaintiff, into the King county Jail Correctional facility after plaintiff, was treated at harborview medical center, for injuries related to the officer(s) assualt and. battery. Plaintiff, was unlawfully and without probable cause, held under 72 hours investigation for violation of uniformed controlled substance Act, on March 10, 2005.

## NINTHTEENTH CLAIM

Defendants, seattle police officers, Micheal Tietjen, James Lee, and Kerry zieger, in their official and individual capacity, acting under color of state law did violate plaintiffs 1st, 4th)

fifth, 8th, 9th, 10th and 14th Amendment rights. When defendants Tietjen, Lee and zieger, unlawfully and without probable cause, did initiate a malicious prosecution against plaintiff by indictment for a violation of uniform controled substance Act based on false incident reports that failed to detail having arrested plaintiffs cousin Lonnie Lee McClure, as a witness on 3-10-05.

## TWENTIETH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and Kerry zieger, in their official and individual capacity acting under color of state law did violate plaintiffs, 1st 4th fifth, 8th, 9th, 10th, fourthteenth Amendment rights. When defendant's, Tietjen, Lee and zieger, unlawfully and without probable cause, falsly asserted in their incident reports to the king county prosecuting attorney's office, plaintiff, was engaged in a drug transaction on March 10, 2005, as Determination for probable cause to arrest plaintiff.

## TWENTYFIRST CLAIM

Defendant's seattle police officers, Micheal Tietjen, James Lee and Kerry zieger, in their official and individual capicity acting under color of state law did violate plaintiffs, 1st, 4th fifth, 8th, 9th, 10th, and 14th Amendment rights. When defendant's Tietjen, Lee and zieger, unlawfully deprived plaintiff, due process, by failing to include plaintiffs cousin, Lonnie Lee McClure, as a witness, who was arrested while walking alongside plaintiff on March 10, 2005, who

was apparently at the scene, stopped, detained
arrested and transported to the precinct in a seperate
vehicle. Mr. McClure, as a witness, who was
also falsely arrested, would have testimony
relevant to the fact plaintiff, was not engaged
in a drug transaction as officers, Tietjen, Lee
and zieger, falsely asserted in their reports.

## TWENTY SECOND CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and kerry zieger
kerry zieger, in their official and individual
capacity acting under color of state law, did violate plaintiff, fourth, fifth, 8th
9th, 10th, and fourthteenth Amendment rights. When defendant's
Tietjen, Lee and zieger, provided false evidence
testimony against plaintiff at his unlawful trial defendants,
falsly asserted plaintiff, was engaged in a drug transaction, as their
Determination for probable cause to arrest plaintiff,
and denied having arrested plaintiff, cousin Lonnie,
Lee McClure, as a witness included in their asserted incident
reports, on March 10, 2005.

## TWENTY THIRD CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee, and kerry zieger
zieger, in their official and individual capacity, acting
under color of law did violate plaintiffs fourth, fifth, 8th, 9th, 10th and 14th
Amendment rights. When plaintiffs, unlawfully and
without probable cause, to stop, detain, and arrest
plaintiff, in order to falsly indict plaintiff, for violation

of a uniformed controlled substance Act, on March 10, 2005. Defendant's, Tietjen, Lee and Zieger, cause harm to plaintiff, by having him falsly imprisoned by complaint in King county superior court, on or about October 06,05 to be formally arraigned, based on defendant's false evidence and trial testimony inwhich the magistrate based it's findings and facts upon it's conclusions to find plaintiff, guilty on 12-5-05, for unlawfully committing a felony of violation of a uniformed controlled substance Act, in the city of seattle, against the peace and dignity of the citizens of the state of Washington.

## TWENTY FOURTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee, and Kerry Ziegers, in their official and individual capacity acting under color of state law did violate plaintiff's fourth, fifth, 8th, 9th, 10th, and 14th Amendment rights. When defendants, Tietjen, Lee and zieger s, unlawfully and without probable cause, gave supporting false evidence testimony at trial to intentionally and maliciously cause harm to plaintiff to a end result of plaintiffs, conviction on December 5, 2005, Based on plaintiff having been unlawfully, and without probable cause, stopped detained, assualted and battered, forced to remove his hands from his pockets, searched, seized, arrested, imprisoned, indicted, summoned to stand trial against having committed a felony on March 10, 2005.

## TWENTY FIFTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and Kerry zieger in their official and individual capacity acting under state law did violate plaintiffs —

fourth, fifth, EIGTH, NINTH, TENTH, AND, 14TH Amendment rights. When during plaintiffs trial on December 5, 2005, defendants Tietjen, Lee and Zieger, gave false evidence testimony that no excessive use of force had been used against plaintiff, in the course of plaintiffs unlawful and without probable cause to arrest and false imprison plaintiff, under 72 hour investigation, for a violation of a uniformed controlled substance Act, in king county correctional facility on March 10, 2005.

## TWENTY SIXTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and kerry Zieger, in their official and individual capacity, acting under color of state law did violate plaintiffs fourth, fifth, 8TH, 9TH, 10TH and 14TH Amendment rights. When defendants Tietjen, Lee and Ziegers, unlawful and false evidence testimony and testimony that no excessive force was used against, Mr. Lewis, at his trial, was used as a basis for the magistrates conclusion to convict Lewis on December 5, 2005.

## TWENTY SEVENTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and kerry Zieger in their official and individual capacity acting under color of state law did violate plaintiffs fourth, fifth, 8TH, 9TH, 10TH, 14TH, Amendment rights. When defendants Tietjen, Lee and Ziegers, false evidence testimony used to convict plaintiff, at trial on December 5, 2005, was overturned on April 28, 2006, by the Honorable Judge Douglas North, granting plaintiff a mistrial, based on newly discovered evidence provided by officer Lee, to the prosecuting attorney's office.

## TWENTY EIGTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee, and Kerry Zieger, in their official and individual capacity acting under color of state law did violate plaintiffs 4th, 5th, 8th, 9th, 10th, fourthteenth Amendment rights. When defendants unlawfully and without probable cause to arrest and imprison plaintiff, was used to convict plaintiff at trial. Evidence of plaintiff medical records were admitted as evidence against officers Tietjen, Lee and zieger, having used excessive use of force, of assualt and battery on March 10, 2005. Officer Lee, on direct examination by the state was twice asked while he was under oath "did anyone hit, or kick, Mr Lewis, in the testicals during his arrest?" Defendant Lee, is recorded on record, stating "No," on two seperate questioned times.

## TWENTYNINTH CLAIM

Defendant's, seattle police officers, Micheal Tietjen, James Lee and Kerry Zieger, in their official and individual capacity, acting under color of state law did violate plaintiffs fourth, fifth, 8th, 9th, 10th, 14th Amendent rights. When defendants Tietjen, Lee, and zieger, unlawfully and without probable cause to arrest and imprisoned plaintiff to an indictment: Felony Violation of a Uniformed controlled Substance Act on March 10, 2005. Inwhich defendant's, Tietjen and Lee, provided false testimony and incident reports used to convict plaintiff on December 5, 2005. Officer, Lee, one day after the trial court convicted plaintiff, he contacted the prosecuting attorney's office on 12-6-05 at 10:30 Am, and informed the prosecuting attorney Gabrielle Dickerman that during plaintiffs, trial yesterday he had infact

-23-

Committed perjury by giving incorrect evidence relating to
the questions asked twice to him or re-direct-examination
"did anyone punch, or kick, plaintiff in the testicals? Or
prior to the struggle, in order to get plaintiff to open his
hand, did anyone hit or kick plaintiff in anyway?"
Defendant, Lee, twice replied, No!" However, defendant
Lee's, conversation, to the prosecuting attorney Gabrielle
Dickerson, Lee, admitted having punch plaintiff twice
in his pelvic area after having reviewed a use force report that
was not in his possession or had not been provided to plaintiffs
defense in time for trial.

# THIRTIETH CLAIM

Defendants, Seattle police officers, Micheal Tietjen, James Lee and
kerry zieger, in their official and individual capacity
acting under color of state law, did violate plaintiff's 4TH fifth, sixth, 9TH, 10TH, 14TH
Amendment rights. By defendant(s) Tietjen, Lee, and zieger, engaging in unlawful conduct
intentionally designed to cause harm to plaintiff, being indicted by incident on 3-10-05
resulting plaintiffs, conviction on 12-8-05, based on the defendants misleading trial
testimony, incident reports, and non-existence incident reports, used to convict
plaintiff. Defendant, Lee, deprived plaintiff, of due process of
4.7 discovery, of use of force incident reports during trial.
      Plaintiff was thus harmed by defendant Lee,
from the right and use of evidence, such as the use of force
incident reports, at trial, in order to have the right to
be able to have impeached defendant Lee's, trial testimony
under oath, of having answered No, under re-direct
examination, as to whether or not he, or anyone, hit or kicked
Mr. Lewis, in the testicles, on March 10, 2005.

## THIRTY FIRST CLAIM

### Defendant's

Seattle police officers Micheal Tietjen, James Lee and Kerry Zieger, in their official and individual capacity acting under color of state law did violate plaintiffs, fourth, fifth, sixth, 9th, 10th, 14th. Amendment rights.

By engaging in unlawful conduct intentionally designed to cause harm to plaintiff trial on 12-5-05, which resulted the trial court setting aside plaintiffs conviction by fault of a mistrial based on on newly discovered evidence presented by prosecuting attorney Gabrielle Dickerman, to the trial court and by plaintiffs attorney of a signed Declaration provided by plaintiffs aunt, whous; Connie Lee McClures, mother, Dorothy McClure, stating on the morning of march 10,2005, my son (Lonnie McClure) returned to my home at about 5am. He was visably shaken and crying.

I asked him what was wrong and he stated that he was walking with his cousin (Anthony Lewis). He told me that they were going to buy a soda pop at the store.

He told me that the cops had been messing with them and following them. He told me that they made Anthony take his hands out of his pockets and were stopping him for no reason. He told me they were both handcuffed and taken in custody. He showed me the visable red marks from where the cuffs had been on his wrists. The officers had told my son not to go down town again no matter what and threatened him.

Since this time my son has not been able to visit me out of fear. Signed in Seattle, Wa, on the 27th day of March, 2006.

Defendant's, Tietjen, Lee and Ziegers, false indictment caused plaintiff, sufferage, on May. 12, 2006, to be further held to answer in person, to be subjected for the same offense of violation of a uniformed controlled substance Act, under cause

No. 05-1-09086-0 SEA, based on the March 10, 2005 incident, To be twice put in jeopardy of, life or liberty, or compelled in any criminal case to be a witness against himself, while having been unlawfully deprived of life, or liberty without due process of law.

## THIRTY SECOND CLAIM

Defendants Seattle police officers, Micheal Tietjen, James Lee and Kerry Zieger, in their official and individual capacity acting under color of state state law did plaintiff's 1st, 4th, fifth, sixth, 8th, 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct intentionally designed to cause plaintiff harm, that resulted a King county Superior Court Judge, to act in the interest of justice. On October 3, 2006, that defendant Seattle Police officers, Tietjen, Lee and Zieger unlawfully lacked, lawful, Determination for probable cause to have legally and lawfully, stopped, detained, searched, seized, arrested, imprisoned and indicted plaintiff. Requiring the court on 10-3-06, in the interest of justice to dismiss plaintiffs, unlawful information, of having committed a violation of a uniformed controlled substance Act, under cause No. 05-1-09086-0 SEA with prejudice, Based on the March 10, 2005 incident

## THIRTY THIRD CLAIM

Defendant, Seattle police officer, Micheal Tietjen, in his official and individual capacity, acting under color of state law, did violate plaintiff's 1st, 4th, 5th, sixth, 8th, 9th, 10th fourthteenth Amendment rights. By unlawfully engaging in conduct intentionally designed to harm plaintiff, by filing a use of force incident report, after unlawfully stopping and detaining plaintiff on 3-10-2005, by excessive use of force of assault and battery. When, defendant, Tietjen, ordered plaintiff to remove his hands from his pockets and plaintiff refused, stating officer, Tietjen, did not have probable cause to stop him, or order him to comply.

-26-

(34TH CLAIM)

Defendant Seattle police officers, Micheal Tietjen, in his official and individual capacity acting under the color of state law, did violate plaintiffs, 1st, 4th, 8th, 9th, 10th, 14th Amend rights, by excessive force against Lewis, by punching Mr. Lewis, in the head and tackling plaintiff down to the city of seattle's public sidewalk.

As plaintiff, lay face up on the city of seattle's public sidewalk, defendant Tietjen, put both his hands around plaintiffs, neck and began chocking Mr. Lewis, while ordering plaintiff to remove his hands from his pockets.

(35TH CLAIM)

Defendant seattle police officer, Micheal Tietjen, in his official and individual capacity acting under color of state law, did violate, plaintiffs, 1st, 4th, 9th, 10th, 14th Amendment rights, by force, by removing plaintiffs, hands from his coat pocket and pried open his fingers.

(36TH CLAIM)

Defendant seattle police officer, Micheal Tietjen, in his official and individual capacity acting under color of state law, did violate plaintiff, 1st, 4th, 8th, 9th, 10th, 14th Amend by unlawfully denying Mr. Lewis, due process after an unlawful assualt and battery. Defendant Tietjen refused plaintiff, immediate medical attention, relating to his injuries inflicted by the seattle police, but instead stated to Mr. Lewis, while in the police van, in transport to the seattle police precinct, that plaintiffs, needed to shut up, he was not a jail house lawyer, and that the only way he was not going to jail, on March 10, 2005, was if plaintiff, died.

(37TH CLAIM)

Defendant seattle police officer, Micheal Tietjen, in his official and individual capacity acting under color of state law, violated plaintiff, 1st, 4th, 8th, 9th, 10th, 14th Amend rights, by depriving plaintiff immediate medical attention, to have prevented plaintiff, from having a seizure and falling to the floor while handcuffed at the precinct. Seattle police officers gathered around together laughing and mocking plaintiff and refused to help him. Eventually the fire Department and ambulance arrived and advised the seattle police to take plaintiff to the hospital. Defendants Tietjen and Lee transported plaintiff to Harborview medical Center. At the hospital emergency room, doctor sumi Chandra, treated plaintiff

-27-

for his injuries related to his testicales and penis. Plaintiff had
bruising under his eye, a swollen testical, and wrist injury.

### 38TH CLAIM

Defendant seattle police officer, Micheal Tietjen, in his
official and individual capacity, acting under color of state law, did violate plaintiffs 1, 4th, 8th
9th, 10th and 14th. Amendment rights. When defendant, Tietjen
falsly imprisoned plaintiff, into the seattle, king county
correctional facility for a 72 hour investigation for a
violation of a uniformed controlled substance Act, on
March 10, 2005.

### 39TH CLAIM

Defendant, seattle police officer, Micheal Tietjen, in his official
and individual capacity, acting under color of state law, did violate plaintiffs, 4th, 5th, 8th, 9th, 10th
fourthteenth Amendment rights, by instigating a malicious prosecution by
false Determination for probable cause to arrest plaintiff, for a false
criminal prosecution to be filed against plaintiff, asserting plaintiff was
in violation of a uniformed controlled substance Act, under
cause No. 05-1-09086-0SEA, based on the March 10, 2005, incident.

### 40TH CLAIM

Defendant seattle police officer Micheal Tietjen, in his
official and individual capacity acting under color of state law, did violate plaintiffs 1st, 4th, 5th
Eigth, 9th, 10th, 14th   Amendment rights, by maliciously and intentionally
providing false trial evidence testimony and incident reports for the sole
purpose to convict plaintiff at trial on December 5, 2005

### 41ST CLAIM

Defendant's seattle police officer Micheal Tietjen, in his
official capacity acting under color of state law, did violate plaintiffs, 1st, 4th, 5th, 8th 9th, 10th
14th Amendment rights, by engaging in unlawful conduct intentionally designed to cause harm
to plaintiffs, trial by providing misleading trial testimony, in which plaintiff was entitled

to a mistrial, on 4-28-06, based on newly discovered evidence,

## 42ND CLAIM

Defendant, Seattle police officer, Micheal Tietjen, in his official and individual capacity, acting under color of state law, did violate plaintiffs 1ST,4TH 5TH,6TH,8TH,9TH,10TH,14TH Amendment rights. By engaging in unlawful conduct intentionally designed to cause plaintiff harm, by providing misleading testimony against plaintiff, in incident reports, in which subjected plaintiff for the same offense to be twice put in jeopardy of life, or liberty and compelled in a criminal case to be a witness against himself at a May 12, 2006, re-arraignment under the same charge and cause No. 05-1-09086-0SEA, based on the March 10, 2005 incident.

## (43RD CLAIM)

Defendant, seattle police officer, Micheal Tietjen, in his official and individual capacity acting under color of state law, did violate plaintiff 1ST,4TH,5TH,6TH Eigth, 9TH, 10TH and 14TH, Amendment rights. Engaged in conduct intentionally designed to cause plaintiff harm, that resulted a king county superior court judge, on 10-3-06, to act in the interest of justice, that defendant Seattle Police Officer Tietjen, unlawfully lacked lawful Determination for Probable cause to have stopped, detained search, seized, arrested imprisoned and indicted plaintiff on March 10, 2005. Thus, requiring the magistrate, in the interest of justice to dismiss plaintiffs, charge with prejudice.

## (44TH CLAIM)

Defendant, seattle police officer, Micheal Tietjen in his official and individual capacity acting under color of state law did violate plaintiffs, 1ST, 4TH, 8TH, 9TH,10TH,14TH Amendment rights. By unlawfully engaging in conduct intentionally designed to cause harm to plaintiff, from pain and suffering, emotional trauma, oppression of being racially profiled, and the long term effects of physical symptons relating to plaintiffs

reproductive internal organs. In which plaintiff was regularly being treated at Harborview medical center. Plaintiff, underwent numerous medical exams and test relating to his penis and testicales, for pennneal discomfort. Plaintiff was examined and diagnosed as not being able to father child in the future as a result of his injuries. Plaintiff, at the time of his assualt and battery was age 35, and without having fathered any children. Plaintiff, also was being treated at Seattle Mental Health, for post traumatic stress.

## 45TH CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity, acting under color of state law, did violate plaintiff, 1st, 4th, 5th, 7th, 8th, 9th, 14th Amendment rights. By unlawfully engaging in malicious proseeution intentionally, designed to cause harm to plaintiff, without probable cause to have stopped and detained plaintiff on March 10, 2005, by excessive use of force, of assualt and battery. While co-defendant, Tietjen, initiated a punch to plaintiffs head and then tackled him down to the city of seattles public sidewalk. As plaintiff, lay face up and spread eagled on the city of seattles public sidewalk. and co-defendant Tietjen placed both his hands around plaintiffs neck and began chocking plaintiff while ordering him to remove his hands from his pockets. Defendant Lee, punched plaintiff with a tremedous amount of force twice in the penis and testicales, while ordering him to remove his hands from his coat pockets.

## 46TH CLAIM

Defendant Seattle police officer James Lee in his official and indivdual capacity, acting under color of state law, did violate plaintiffs, 2nd, 4th, 8th, 9th, 10th, and 14th Amendment rights. By engaging in unlawful conduct intentionally designed to forcibly remove plaintiffs hands from his pockets and pried open plaintiffs fingers, by unlawfully and without probable cause, punching plaintiff repeatedly in the penis and testicales.

## 47TH CLAIM

Defendant seattle police officer James Lee, in his official and individual capacity acting under color of state law did violate, plaintiffs, 1st, 4th, 8th 9th and fourthteenth Amendment rights. By unlawfully engaging in conduct intentionally designed to cause personal injury and harm. To plaintiffs rights, after an unlawful assualt and battery; to have received immediate medical attention, relating to plaintiffs injuries inflicted by the seattle police. But instead officer Lee, stated to plaintiff, while in the police van in transport to the police precinct, that plaintiff, needed to shut up, because he was not a Jailhouse lawyer and that the only way plaintiff was not going to jail, is if he died."

## 48TH CLAIM

Defendant seattle police officer James Lee, in his official and individual capacity, acting under color of state law did violate plaitiffs, 1st, 4th Eigth, 9th and fourthteenth Amendment rights. By engaging in unlawful conduct intentionally designed to cause plaintiff harm from receiving immediate medical attention, to have prevent plaintiff from having a siezure and falling to the floor while handcuffed at the seattle police precinct.

Seattle police officers, gathered around together laughing and mocking plaintiff and refused to help him. Eventually the fire deparment and ambulance arrived and advised the seattle police to take plaintiff to the hospital. Defendant's Lee and Tietjen, transported plaintiff to Harborview medical center. At the hospital emergency room, doctor Sumi Chandra treated plaintiff for his injuries related to his testicales and penis and bruising under his eye, a swollen testical and wrist injury, caused by officer(s) Tietjen and Lees, unlawful assualt and battery.

## 49TH CLAIM

Defendant, seattle police officer, James Lee in his official and individual capacity acting under color of state law did violate plaintiff, 1st, 4th, 8th, 9th

-31-

10th, and 14th Amendment rights. By unlawfully engaging in conduct intentionally designed to wrongfully imprison plaintiff, into the Seattle, King County Correctional facility for a 72 hour investigation for a violation of a uniformed controlled substance Act, on March 10, 2005

## 50TH CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity, acting under color of law, did violate plaintiff's 1st, 4th, 5th, Eigth, 9th, 10th, and 14th  Amendment rights. By unlawfully engaging in conduct intentionally designed to cause harm by misleading Seattle police Department incident reports for an unlawful criminal prosecution to be filed against plaintiff, asserting plaintiff was in violation of a uniformed substance Act, under cause No. 05-1-09086-0SEA, based on the March 10, 2005, incident.

## 51ST CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity acting under color of state law did violate plaintiff's, 4th, 5th, 8th, 9th, 10th, and 14th Amendment rights. Engaged in unlawful conduct intentionally designed to cause harm to plaintiff, by misleading trial evidence testimony and incident reports, for the sole purpose to convict plaintiff at trial on December 5, 2005.

## 52 ND CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity acting in the color of state law did violate plaintiff, 1st, 4th, 5th, sixth, eigth, 9th, 10th, and 14th Amend rights. By engaging in unlawful conduct to intentionally cause harm by willful failure to turn over a use of force incident reports in which would have allowed plaintiff to cross examine and impeach officer Lee's, testimony during trial. Defendant Lee, was asked twice while under oath on re-direct examination by prosecuting attorney Gabrielle

Dickerman, during plaintiff's trial on December 5, 2005.
"Did anyone hit or kick plaintiff, in the testicles during plaintiff's arrest?" Defendant Lee, is recorded on record stating "No," on two seperate questioned times. VSR pg 84, line 15-19.

### 53RD CLAIM

Defendant, seattle police officer James Lee, in his official and individual capacity, acting under color of state law, did violate plaintiff 6, 1st, 4th fifth, eighth, 9th, 10th, 14th Amendment rights. After, plaintiff, had been found guilty on December 5, 2005 based on defendants Lee's, intentional and misleading testimony and incident reports, and willful failure to turn over a use of force report in favor of plaintiff's trial.

Defendant Lee, after plaintiff was wrongfully found guilty, re-contacted the prosecuting attorney Gabrielle Dickerman, at 10:30 Am on December 6, 2005 and stated, that during plaintiff's trial yesterday he had in fact committed perjury, by giving incorrect evidence relating to the question asked on re-direct examination.

Whether or not he or anyone hit or kicked plaintiff in the testicales, prior to the struggle in order to get plaintiff, to open his hand. Defendant Lee, replied "No."

However, defendant Lee, stated to the prosecutor that after trial he had reviewed a use of force report that he had not wanted to disclose and failed to provided to plaintiffs defense in time for trial.

Defendant Lee, stated that he had in fact, did punch plaintiff twice in his pelvic area.

### 54TH CLAIM

Defendant, seattle police officer James Lee, in his official and individual capacity, acting under color of state law, did violate plaintiff, 1st, 4th, 5th, 6th, 8th, 9th

10th, and 14th Amendment right. By engaging in unlawful conduct intentionally designed to cause harm and to deprive, plaintiff from receiving due process to a fair and impartial trial under 4.7 discovery rules; to have turned over his written use of force incident report during (CrR 4.7) under rules of discory for plaintiffs preparation before trial).

## 55TH CLAIM

Defendant seattle police officer, James Lee, in his official and individual capacity, acting under color of state law; did violate plaintiff, 1st, 4th fifth, 6th, 8th, 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct intentionally designed to cause harm to plaintiff by willful failure to write a incident report of having, stopped, detained, arrested and released plaintiffs, cousin Lonnie Lee McClure, who was being detained by co-defendant, zieger, while defendants, Tietjen and Lee, were assualting plaintiff by forcing him to remove his hands from his coat pockets. Mr. McClure was a witness at the scene to plaintiff unlawful assualt, as was revealed through the seattle's police internal investigation unit - The Office of Professional Accountability.

## 56TH CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity, acting under color of state law, did violate plaintiffs 4th, 5th, 6th Eigth, 9th, 10th, and 14th, Amendment rights. Engaged in unlawful conduct, intentionally designed designed to cause harm to plaintiff trial on 12-5-05, which resulted plaintiff having been found guilty, and the court having to set aside plaintiffs conviction on 4-28-06 by fault of a mistrial, based on newly discovered evidence presented by prosecuting attorney Gabrielle Dickerman, to the trial court and by plaintiffs attorney, — having also provided a signed declaration; provided by plaintiffs, aunt, who is Lonnie Lee McClures, mother, Dorothy McClure, staiting: On the morning of march 19 2005, my son (Lonnie McClure) returned

-34-

to my home at about 5am. He was visably shaken and crying. I asked him what was wrong and he stated he was walking with his cousin (Anthony Lewis). He told me that they were going to buy a soda pop at the store. He told me that the cops had been messing with them and following them. He told me that they made Anthony take his hands out of his pockets and were stopping him for no reason. He showed me the visable red marks from where the cuffs had been on his wrist. The officers had told my son not to go downtown again no matter what and threatened him. Since this time my son has not been able to visit me out of fear. Signed in seattle, Wa, on the 27th day of March, 2006. Defendant Lee, deprived plaintiff of his due process from sufferage, of having been found guilty, and from further sufferage, of having plaintiffs mistrial on April 28, 2006, voided by having to appear on May 12, 2006 to answer in person to be subjected for the same offense of violation of a uniformed controlled substance Act, under the same cause No. 05-1-09086-0SEA based on the March 10, 2005 incident. To be twice put in jeopardy of life, or liberty or compelled in any criminal case to be a witness against himself, while having been unlawfuly deprived of life, or liberty without due process.

## 57TH CLAIM

Defendant, seattle police officer, James Lee, in his official and individual capacity acting under color of state, laws did violate plaintiffs, 1st fourth, fifth, sixth, Eigth, 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct intentionally designed to cause harm to plaintiff, which, forced a king county superior court Judge, for king county to act in the interest of justice on October 3, 2006

to determine defendant, Lee, Tietjen and zieger, unlawfully lacked lawful
Determination for Probable cause to have stopped detained
searched, seized, arrested, imprisoned and indicted plaintiff
on March 10, 2005. Requiring the king county superior court to act in
the interest of justice to dismiss plaintiff case with
prejudice, on October 3, 2006

## 58TH CLAIM

Defendant, seattle police officer James Lee, in his
official and individual capacity acting under color at state law did violate plaintiff, 1ST
fourth, fifth, sixth, eigth, 9th, 10th, 14th Amendment rights. By engaging in
unlawful conduct intentionally designed to cause harm to plaintiff without probable cause,
by unlawfully stopping and detaining plaintiff on March 10, 2005; by excessive
use of force of assault and battery as plaintiff, walked
alongside his cousin lonnie Lee McClure, with their hands
in their coat pockets. Defendant, Lee, ordered plaintiff
to remove his hands from his pockets and plaintiff, refused
stating defendant Lee, did not have probable cause to
stop him or order plaintiff to lawfully comply.

## 59TH CLAIM

Defendant, seattle police officer, James Lee, in
his official and individual capacity, acting under color at state law, did violate plaintiff's
fourth, eigth, 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct
intentionally designed to cause harm to plaintiff by inflicting pain and suffering, by
emotional trauma, oppression of being racially profiled, and the
long term effects of physical symptom relating to plaintiffs
reproductive internal organs, Inwhich plaintiff was
regularly being treated by a primary care physician
at harborview medical center. Plaintiff, underwent
numerous medical exams and test relating to his

penis and testicals, for perinneal discomfort. Plaintiff
was examined and diagnosed as not being able to
father children in the future as a result of his
injuries. Plaintiff, at the time of his unlawful assualt
and battery was age 35, and without having fathered
and children. Plaintiff, as a result of defendant Lee and
co-defendant Tietjens, assualt was regularly being
treated at Seattle mental Health, for post truamatic
stress.

## 60TH CLAIM

Defendant, seattle police officer, Kerry Zieger, in his official
and individual capacity acting under color of state law, did violate plaintiffs, 1st, 4th, Eigth, 9th
10th, fourthteenth Amendment rights, by unlawfully and without
probable cause. Did aid and assist co-defendant's Tietjen, and
Lee on March 10, 2005, to have stopped, detained, arrested and
falsly imprisoned plaintiff, first inside the seattle, police precinct
holding cell and second booked Mr. Lewis, into the King county
correctional facility, under a 72 hour investigation of
violation of a uniformed controlled substance Act.

## 61ST CLAIM

Defendant, seattle police officer, Kerry Zieger in his official
and individual capacity acting under color of state law, did violate plaintiffs, 1st, 4th, 9th
10th, 14th Amendment rights, by depriving plaintiff the right to
have peaceably continued walking along side his cousin Lonnie
Lee McClure, with their hands seperately in their individual pockets
on a seattle city public side walk, before officers, Zieger, Tietjen
and Lee, used excessive force by assualt and battery, to engage in
unlawful conduct to intentionally stop, detain and search plaintiff
and his cousin Lonnie Lee McClure, by forcibly removing their hands from inside
their coat jacket pockets, and unlawfully arrest them both.

## 62ND CLAIM

Defendant seattle police officer, kerry zieger, in his official and individual capacity acting under color of state law did violate plaintiffs 1st 4th 8th, 9th, 10th, 14th Amend rights, by engaging in unlawful conduct to intentionally deprived plaintiff the right to exercise his freedom of speach to Seattle Police Officer(s) Zieger and co-defendants, Tietjen and Lee, that they did not have probable cause to stop, detain or order plaintiff to remove his hands from his pockets.

## 63RD CLAIM

Defendant, seattle police officer, Kerry zieger, in his official and individual capacity acting under color of state law, did violate plaintiffs 1st 4th fifth, Eighth, 9th, 10th, 14th Amendment rights, by defendant, zieger's willfull failure to have protected plaintiffs from an unwarranted search and seizure, and assualt and battery, by co-defendant's Tietjen and Lee. Defendant zieger, just stood aside and watched the assualt and battery take place against plaintiff without regard to have performed his assigned duty as a sworn officer of the city of seattle police Department, to have served and protected plaintiffs, constitutional rights, from having been a victim of a crime. Of assualt and battery by officer(s) Tietjen and Lee on March 10, 2005.

## 64TH CLAIM

Defendant, seattle police officer, kerry zieger, in his official and individual capacity acting under color of law, did violate plaintiff, 1st, 4th 8th, 9th, 10th, 14th Amendment rights. Defendant, zieger, deprived plaintiff, immediate medical attention, after he stepped in to personally handcuffed plaintiff. As a result plaintiff while at the seattle police precinct, handcuffed in a glass observation cell had a siezure, and fell to the floor. Seattle Police officers gather around together laughing and mocking plaintiff and refused to help him. Eventually the fire Department and

ambulance arrived and advised the Seattle police department
take plaintiff to the hospital.

## 65TH CLAIM

Defendant seattle police officer, kerry zieger, in his
official and individual capacity acting under color of state law did violate, plaintiff's 4th, 5th, 8th,
9th, 10th and 14th. Amendment rights. for failing to have prevented plaintiff from
pain and sufferage related to plaintiff injuries of having been treated at
Harborview medical center on March 10. 2005, for injuries caused
by co-defendant, Tietjen, having punched Mr Lewis, in the head,
which caused bruising under his eye, and to his head, and by
tackling plaintiff down to the public sidewalk and placed both
his hands around plaintiff neck and began to chock him, while
ordering plaintiff to remove his hands from his pockets.

## 66TH CLAIM

Defendant, seattle police officer, kerry zieger. in his
official and individual capacity acting under color of state law, did violate plaintiff's, 1st, 4th,
8th, 9th, 10th, 14th Amend. Amendment rights. for failing to prevent pain and sufferage
related to plaintiffs injuries of having been treated at Harborview medical
center on March 10, 2005. for injuries caused by co-defendant(s)
Lee, having punched plaintiff twice in the penis and testicles
while plaintiff lay on his back spread eagled due to co-defendant
Tietjen, initiated assault and battery, by punching plaintiff in the head and
tackling plaintiff down to the ground.

## 67TH CLAIM

Defendant, seattle police officer, kerry zieger, in his official
capacity acting under color of state law did violate plaintiff's 4th, 5th, 6th, 8th, 9th, 10th, 14th Amendment rights.
Did engage in unlawful conduct intentionally designed to cause harm to plaintiff, by willful failure to have written a
witness indicent report detailing having detained plaintiff.

cousin Lonnie Lee McClure, on March 10, 2005, while watching plaintiff, be unlawfully assualted and battered by co-defendants, Tietjem and Lee.

## 68TH CLAIM

Defendant, seattle police officer, kerry zieger, in his official and individual capacity did violate plaintiffs 4th, 5th, 6th, 8th, 9th, 10th, 14th Amendment rights. By unlawfully engaging in malicious prosecution, designed to cause harm to plaintiff by way of wrongful conviction based on false incident reports. Determining probable cause to arrest plaintiff on March 10, 2005.

## 69TH CLAIM

Defendant seattle police officer, kerry zieger in his official and individual capacity did violate plaintiffs, 4th 5th, 8th, 9th, 10th, 14th Amendment rights. When defendant, zieger misleading incident report om March 10, 2005, was unlawfully and intentionally used to force plaintiff to appear at trial on 12-5-05 and be a witness against himself, against defendant ziegers, misleading assertions, plaintiff was engaged in a drug transaction, and as a result of defendant ziegers, misleading testimony plaintiff was found guilty.

## 70TH CLAIM

Defendant seattle police officer, kerry zieger in his official and individual capacity acting under color of state law did violate plaintiffs 1st, 4th, 5th, 6th, 8th 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct intentionally designed to cause injury to plaintiff receiving a fair and impartial trial, which resulted plaintiff receiving a mistrial on April 28, 2006 due to newly discovered evidence of an unlawful assualt and battery and witness

incident reports that defendant Zieger deprived
plaintiff due process, during the indictment of information
against plaintiff at the period of investigation and at
plaintiffs trial, which as a result plaintiff was
unlawfully and without probable cause found
guilty on December 5, 2005, based on defendant Zieger's
unlawful testimony and incident report of having observed
plaintiff engaged in a drug transaction, that the trial court based
it's facts and conclusions to convict plaintiff.

## 71 ST CLAIM

Defendant, seattle police officer kerry zieger, in
official and individual capacity acting under color of state law did violate plaintiff, 1st,4th
5th, 6th, 8th, 9th, 10th, 14th Amendment rights. By engaging in unlawful conduct intentionally
designed to unlawfully indict and subject harm to formally charge plaintiff
to be re-summoned on May 12, 2005, in person for the
same offense after having received a mistrial, to be twice
put in jeopardy of life and liberty, without probable
cause based under the same cause No. 05-1-09086-0 SEA.

## 72ND CLAIM

Defendant seattle police officer, kerry zieger, in
his official and individual capacity acting under color of state law did violate plaintiff
1st, 4th, 5th, 6th, 8th, 9th, 10th, 14th Amendment rights. Being a party to engaging in unlawful
conduct intentionally designed to cause harm to plaintiff having been found guilty at trial on 12-5-05, which resulted
a mistrial on 4-28-06, and plaintiff being refiled on 5-12-06, and finally the court in the interest of justice
on 10-3-06, dismissed plaintiffs criminal case under cause
No. 05-1-09086-0SEA, with prejudice. Finding that
defendants, Kerry zieger, Micheal Tietjen and James
Lee, did not lawfully have probable cause to stop
detain, search, sieze, arrest, assualt and battery, and

-41-

Imprisoned plaintiff. Based on a March 10, 2005 incident.

## 73RD CLAIM

Defendant, seattle police officer Micheal Tietjen in his official and individual capacity acting under the color of state law, did violate plaintiffs 4TH, 5TH, 6TH 8TH, 9TH, 10TH, and 14TH Amendment rights. By engaging in unlawful conduct intentionally designed to cause harm by malicious prosecution, depriving plaintiff due process of compulsory process of obtaining witnesses in his favor by failing to have recorded in his incident report dated 3-10-05, having also stopped, detained, arrested and released plaintiffs cousin Lonnie Lee McClure who was a witness to plaintiff unlawful search and seizure and assualt and battery.

## 74TH CLAIM

Defendant seattle police officer Micheal Tietjen in his official and individual capacity acting under the color of state law, did violate plaintiffs 1ST, 4TH, 5TH, 6TH, 8TH, 9TH, 10TH, and 14TH Amendment rights.

By failing to have recorded in his incident report on 3-10-05, having used excessive use of force against plaintiff by punching him in the head and tackling him down to the public side walk, and while plaintiff lay spread eagle on his back, officer Tietjen, placed both his back, officer Tietjen, placed both his hands around plaintiffs neck and began to chock plaintiff into submission, while ordering plaintiff to remove his hands from his coat pocket without probable cause.

-42-

## V.  Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

Wherefore, the plaintiff prays for relief in an amount to be established at trial including; a Economic damages to plaintiff against the defendants Jointly and severally; b. NON-economic damages to plaintiff against the defendants Jointly and severally; c. Reasonable attorney's fee and cost to the plaintiff under 42 U.S.C. § 1988; d. cost of this action to the plaintiff under federal rules, e; Punitive damages; and f. such other relief as this court may deem equitable, in the amount of plaintiffs demand for $ Ten million Dollars jointly and severally

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _14th_ day of _JANUARY_ , _2008_.

_Anthony Eugene Lewis_
(Signature of Plaintiff)

# AFFIDAVIT

**STATE OF WASHINGTON**          )
                                 ) ss:
**COUNTY OF** WALLA WALLA

I, ANTHONY EUGENE LEWIS          , declare under penalty of perjury that the following statements within this affidavit are true and correct to the best of my knowledge and has been executed on this _____ day of _____, 2_____, at WASHINGTON STATE PENITENTIARY 1313 N 13TH AVE WALLA WALLA, WA, 99362 in the County of WALLA WALLA, WASHINGTON.

On 3-10-05, at 2:50 AM, I and my cousin Lonnie Lee McClure, were both walking on a public side walk near Belltown neighborhood, for the purpose of going to buy a soda pop at 7-11 convience store. It was cold that morning, so both I and my cousin had our hands inside our coat pockets in order to stay warm.

A seattle police van headed in our direction slowed down, and as the police van passed the three officer(s) inside Micheal Tietjen, James Lee and Kerry Zieger stared at I and my cousin intently as we continued walking. At no time did I and my cousin Lonnie Lee McClure, disturb the peace and dignity of the city of Seattle, or make any threatening gestures towards the Seattle police officer(s) inside the van, as they drove past.

I and my cousin continued to walk and never stopped, or engaged in conversation with any person. My cousin noticed the same Seattle police van headed in our direction again and stated to me "There go the same police van."

My cousin was fearful of the police following us for no reason and racially profiling us. So I told him not to worry about the police because they did not have probable

white out put on here by Anthony Lewis sign notary with

(1)

Probable cause to fuck with us. I and my cousin are both African American. The police van was directly beside us, as I reassured my cousin of our constitutional rights to freely walk down a public sidewalk and not be racially profiled or harassed by the seattle police because I and my cousin are African American. The police van slowed to a stop along side us, and an officer in the front passenger seat yelled out his window and stated to I and my cousin to "get your hands out of your pockets!" While still walking with my hands inside my pockets, I looked at the officer(s) who were now exiting their police van and stated "You dont have any probable cause to tell me and my cousin to take our hands out of our pockets" and I continued walking. I told my cousin to continue walking. However, my cousin being fearful of the police, intimidation, stopped walking and removed his hands from his pocket. I continued to walk a few feet until an officer ordered me again to stop and remove my hands from my pockets.

I stopped and turned towards the three officer(s) and stated "You dont have any probable cause to stop us and order us to remove our hands from our pockets." At that moment officer Micheal Tietjen, ran forward and punched me in the head and tackled me down to the ground. As I lay struggling under officer Tietjen, and protesting why he was doing this to me without probable cause, officer Tietjen, placed both his hands around my neck and began to choke me, while ordering me to take my hands out of my pockets

At that moment officer James Lee, assisted officer Tietjen and officer Lee, tried forcibly pulling my hands free from my pockets, as I lay struggling on my back, being choked by officer Tietjen, and protesting my rights. Officer James Lee, spread apart my legs and began punching me in my penis and testicles, while ordering me to remove my hands from my pockets. Officer Kerry Zieger, was detaining my cousin Lonnie Lee McClure, and watching my assualt and battery by officer(s) Tietjen and Lee. I was choked into unconciousness by officer Tietjen, and officer Lee's, punching me in my penis and testicles. I no longer hand any strength, which allowed officer Lee, to forcibly remove my hands from my pockets and forcibly pried open my fingers by bending them in the process

(2)

to discover I was in possession of drugs. I was handcuffed by Officer Lee. At that moment in time my cousin Lonnie Lee McClure, who was being detained by officer kerry zieger, stated "What the fuck, we cant walk to the store and buy a fucken pop!?"

Officer Tietjen, hearing this rushed towards my cousin and began roughing him up, while officer Zieger, stepped in to aid and assist officer Lee, secure arresting me.

I and my cousin were both arrested and placed in two seperate vehicles, and transported to the seattle police station. While, I was handcuffed in the back of the police van on my way to the police station, I stated to the two officer(s) driving and riding passenger, that they had no probable cause to stop me and beat me up and I needed to go to the hospital and I wanted to speak with their sgt.

The officer(s) started laughing and I was told by the officer in the passenger seat to shut the fuck up, I was not a jail house lawyer and the only way I was not going to jail is if I died! I emmediately repeated what I stated to the officer(s) and was told to shut the fuck up, I was not a jail house lawyer and the only way I was not going to jail is if I died! I was taken to the precinct and placed handcuffed behind my back in an observation tank without being provided medical attention for my injuries. I was on the floor in pain in my position while handcuffed and after what seemed to be minutes, I felt I was about to black out, until a door popped open at that exact moment a Sgt. came walking out with a Camera in hand. Evidently I was being observed behind glass that was reflective. The sgt. came to the door and stated "was it true I was assualted by his officer(s). I stated "yes I was unlawfully stopped and detained without probable cause and assualted because I would not remove my hands from my pockets, and that I needed to go to the hospital". The Sgt. stated I first would have to stand and allow him to take pictures then

(3)

I would be taken to the hospital. I was unable to stand and had a siezure and fell to the floor.

Seattle police officer(s) gathered around me and began laughing and mocking me stating "what was I doing, it wasnt going to work and refused to help me.

Eventually the fire Dept and ambulance arrived and advised the seattle police Dept. to take me to the hospital emergency, where I was treated for injuries related to my penis and testicles and bruising under and above my eye and pain to my wrist. I was treated by doctor Sumi Chandra. At the time of my siezure at the Seattle police precinct my cousin Lonnie Lee McClure was being held in a holding cell and observed me having a siezure on the floor. After, being treated at harborview medical center, I was escorted by officer(s) Micheal Tietjen and James Lee, and booked into King County Jail, under investigation for violation of a uniformed controlled substance Act. 72 hours later I was released pending the filing of formal charges. Upon my release from Jail I continued to be treated for my injuries related to having been assualted and battered. I was diagnosed with having suffered perinneal injuries due to having been punched in my penis and testicles, and was informed by Doctor Gary Goldbaum, I would not be likely to father children in the future. I state at the time of my assualt I was without having fathered any children and I currently do not have any children. I also was regularly being treated at Seattle mental Health, for post traumatic stress syndrome, due to assualt and battery by the Seattle police, which cause me paronia and fear.

(4)

On or about Oct of 05, I was summoned to appear in King County Superior Court, to be formally arraigned under Cause #05-1-0896-0 SEA, for violation of uniform controlled substance Act committed on 3/10/05. Seattle Police Officer Micheal Tietjen, filed a misleading Determination for Probable Cause to arrest me on 3-10-05, asserting he and fellow officer(s) James Lee and Kerry Zieger, observed me engaged in a drug transaction. Officer Tietjen, reason for this misleading act, was for the purpose of justifying my unlawful assualt and battery, illegal search and seizure and racial profiling without having lawful probable cause to initiate making an order for I and my cousin Lonnie Lee McClure, to remove our hands from our pockets for no reason.

Officer Tietjen, further, failed to have recorded and included having stopped and detained and arrested my cousin Lonnie Lee McClure, at the scene, who was also a witness to my assualt and battery, and who could testify I and him were not engaged in any drug transaction as, Officer(s) Tietjen, Lee and Zieger, asserted I alone had been. This was done by officer(s) Tietjen, Lee and Zieger, for the purpose to cause harm to me by a criminal prosecution ending with me being convicted and sentenced to the Department of Correction. On 12-5-05, I stood trial, and all three officer(s) under oath testified to their police report being true and correct.

I testified, I was not engaged in any drug transaction as the police officer(s) falsly asserted and stated I and my cousin Lonnie Lee McClure, had been racially profiled, and unlawfully stopped and detained, and I unlawfully assualted for refusing an order to remove my hands from my pockets.

(5)

I produced my medical records to the fact of having been treated at harborview medical center related to my injuries on 3-10-05, by the Seattle police Dept. Officer(s) Tietjen and Lee. Officer Lee, was re-called on direct examination by the King County prosecuting office Attorney Gabrielle Dickerman. Officer Lee, was questioned to the fact of whether or not I was assualted by being punched or hit or kicked in the penis or testicles by any prior to me arrested. Officer Lee, is recorded under oath on record stating "No!" Officer Lee, was asked a second time the same question and gave the same answer "No!"

Based on the officer(s) evidence testimony, I was found guilty. On 12-6-07, a day after I was found guilty Officer Lee, contacted the prosecuting Attorney's office at 10:50 Am and stated to prosecuting Attorney Gabrielle Dickerman, He had committed perjury while testifying under oath at my trial and admitted to Mrs Dickerman, that he had reviewed a Use of force report detailing the fact he did punch Mr Lewis, in the pelvic area of his body. On 4-28-06, I received a mistrial, based on newly discovered evidence, along with the prosecuting attorney's letter to the court and my trial Attorney Stating Officer Lee's admission to perjury dated 12/6/06.

Also among newly discovered evidence, was a signed declaration by my aunt Dorothy M. McClure, who is Lonnie Lee McClure's biological mother, who, provided a declaration, of Lonnie arriving home to her house at 5:00 am, after having been released from the police station. Mr. McClure, was shaking and crying and explained to her how he and his cousin Anthony Lewis, were being followed by the Seattle police

(6)

and were forced to stop and the police made Anthony removed his hands from his pockets for no reason. Mr. McClure also Showed his mother the red marks on his wrist where the handcuffs had been. With this newly discovered evidence the King County prosecuting attorney's office after careful review and in the interest of justice should have dismissed my case.

However, on May 12, 2006, the King County prosecuting attorney's office re-arraigned me in King County Superior court under the same cause # 05-1-0896-0 SEA, for violation of uniformed Controlled Substance Act, based on the 3-10-05, incident.

I was again to be tried twice for the same charge under the misleading assertions of the Seattle Police Dept. Officer(s) Tietjen, Lee and Zieger. On or about Oct. 3, 2006 my case was dismissed with prejudice in King County Superior court, for a lack of probable cause to have arrested, me on 3-10-05. However, even though the court ordered my case dismissed without prejudice based on the Seattle Police officer(s) lack of probable cause to Arrest. The court based it's ruling of facts finding for conclusion, under false assertions, from Seattle Police officer Micheal Tietjen's, Determination for Probable cause To Arrest, unlawfully declared under penalty of perjury under the laws of the STATE OF WASHINGTON (RCW 9A.72.085)

*Anthony E. Lewis*
(Affiant's Name) Anthony E. Lewis #986577

Subscribed and Sworn to before me this 10th day of March 2008.

WANDA K. HEIMANN
NOTARY PUBLIC-STATE OF WASHINGTON
MY COMMISSION EXPIRES 8-20-11

*Wanda K. Heimann*
Notary Public in and for the State of Washington.
Residing in Walla Walla, WA
My commission expires 8/20/08

(7)

JAMES P. DONOHUE
UNITED STATE MAGISTRATE

FILED
LODGED
RECEIVED   | MAIL |

APR 02 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

ANTHONY EUGENE LEWIS )
        Plaintiff )
                  )
        Vs        )
                  )
CITY OF SEATTC    )

NO. C 07-1517-MJP-JPD

**AFFIDAVIT OF SERVICE**
**BY MAILING**

SEATTLE POLICE DEPT. et al

I, ANTHONY EUGENE LEWIS , being first sworn upon oath, do hereby certify that I
have served the following documents: Plaintiff, Amended complaint, and letter and Affidavit
to the clerk, to process Plaintiffs' 42 U.S.C § 1983 Civil Rights complaint
without having provided the required number of copies in order to serve
each name defendant. Due to having been denied access to legal
photocopying service by the Department of correction - Washington
State Penitentiary.

Upon:
        CLERK, United States District Court
    WESTERN DISTRICT OF WASHINGTON
            AT SEATTLE
        700 STEWART STREET
        SEATTLE, WA, 98101

By placing same in the United States mail at:

WASHINGTON STATE PENITENTIARY
1313 NORTH 13TH AVENUE
WALLA WALLA, WA. 99362

On this   31 ST   day of  MARCH       , 2 008 .

                              Anthony E. Lewis #986577
                              Name & Number

Affidavit pursuant to 28 U.S.C. 1746, Dickerson v. Wainwright 626 F.2d 1184 (1980); Affidavit sworn
as true and correct under penalty of perjury and has full force of law and does not have to be verified
by Notary Public.

ANTHONY E. LEWIS #986577 (R-C1-02)
WASHINGTON STATE PENITENTIARY
1313 N. 13TH AVE
WALLA WALLA, WA, 99362

FILED
LODGED
RECEIVED   MAIL

APR 02 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

MARCH 27, 2008

Clerk Bruce Rifkin
UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE, LOBBY LEVEL
700 STEWART STREET
SEATTLE, WA, 98101

RE: PROCESSING OF AMENDED COMPLAINT BY THE COURT AND TO SERVE
ALL DEFENDANT(S)

Dear Mr. Rifkin,
            Plaintiff, has respectfully submitted his Amended complaint
without having provided the court with the required number of copies
in accordance with Rule 4 of the Federal Rules of civil Procedure, due
to the Department of Correction, Washington State Penitentiary, willful
failure to deny plaintiff photocopy service, in order to access the courts
under D.O.C Policy 590.500. Plaintiff, respectfully request the court
to serve a copy of the complaint on each named defendant and further
request the clerk to forward this note apart of plaintiffs motion and
order filed with this court to be heard on April 11, 2008,
                                          THANK YOU
P.S                                       Sincerely and Respectfully
Could you please provide me with a copy of
my complaint because I do not have one      Anthony E. Lewis
due to providing you the original. I also
respectfully request a copy of every document I have
filed with this court because I have been denied access to legal photocopying.

## AFFIDAVIT

FILED
LODGED
RECEIVED   **MAIL**

APR 02 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY

**STATE OF WASHINGTON** )
) ss:
**COUNTY OF** WALLA WALLA )

I, ANTHONY E. LEWIS, declare under penalty of perjury that the following statements within this affidavit are true and correct to the best of my knowledge and has been executed on this 27TH day of MARCH, 2 008, at WASHINGTON STATE PENITENTIARY 1313 N. 13TH AVE, WALLA WALLA, WA, 99362 in the County of Walla Walla, Washington: ON 3-27-08, I was interviewed by Unit manager RON Jensen, in RAINIER UNIT housing. Mr. Jensen, had me bring him my Amended 42 U.S.C. §1983 Civil Rights complaint under case number CO7-1517-MJP-JPD. Mr Jensen, overlooked my Amended complaint and then reviewed D.O.C. Policy 590.500, and stated to me that my civil rights action was not a current conviction.

I stated to Mr. Jensen, that my complaint on it's face is an active Civil Rights Action, and no where under D.O.C policy 590.500 states, I shall be denied access to the courts, unrelated to my current conviction, or civil rights violation while incarcerated. Mr. Jensen, stated to me that I expected D.O.C to make an acception for me and allow me photocopies, and suggested, I send the courts my Amended complaint as is without having provided me the required number of photocopies in order to serve the court and parties defendant to my complaint.

And state to the court my reason.

( NO NOTARY PUBLIC WAS AVAILABLE DUE TO THE
UNAVAILABILITY OF STAFF TO WORK AT THE
LAW LIBRARY ON THURSDAY AND FRIDAYS. )

Anthony C Lewis #986577
(Affiant's Name) ANTHONY E. LEWIS #986577

Subscribed and Sworn to before me this _____ day of _____,

_____.

_____
Notary Public in and for the
State of Washington.
Residing in Walla Walla, WA
My commission expires _____.

ANTHONY E. LEWIS # 986577 (R-C-1-08)
WASHINGTON STATE PENITENTIARY
313 N. 13TH AVE
WALLA WALLA, WA, 99362

CLERK OF THE
UNITED STATES DIS
WESTERN DISTRICT CO
AT SEATT
700 STEWA
SEATTLE, WA

THIS WAS MAILED BY AN INMATE CONFINED AT
THE WASHINGTON STATE DEPARTMENT OF
CORRECTIONS FACILITY. ITS CONTENTS MAY
BE UNCENSORED