UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY EUGENE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants, | No. C07-01517 MJP BAT <br><br> **ORDER STRIKING PLAINTIFF'S CROSS-MOTION TO DISMISS** |

On January 21, 2009, the Court received plaintiff's cross-motions for summary judgment against all defendants. Dkts. 69, 70. The Court has considered the motions and the record and hereby finds and ORDERS as follows:

(1) Plaintiff's cross-motions for summary judgment are STRICKEN as untimely. It is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks omitted). "'All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

On August 22, 2008, the Court entered a Pretrial Scheduling Order requiring the parties to

ORDER STRIKING CROSS-MOTION FOR SUMMARY JUDGMENT - 1

file and serve any dispositive motion "on or before **November 21, 2008**." Dkt. 34 at 1. The Order states "[fa]ilure by plaintiff to comply with the provisions of this Order can result in dismissal of the case. Failure by defendant can result in other appropriate sanctions." *Id*. at 4.

Plaintiff filed his cross-motions for summary judgment two months late. Although plaintiff has filed numerous motions for appointment of counsel, for default, for discovery and to amend, extend time, or stay the proceedings (Dkts 10, 13, 16, 31, 35, 36, 43, 46, 60 and 63), he did not timely move to extend the time by which dispositive motions must be filed. In an appropriate case, the Court can dismiss the case where a party has failed to comply with the Court's orders. In this case, the Court concludes that striking the untimely cross-motions is the appropriate consequence.

(2) Plaintiff's cross-motions for summary judgment are contained in his responses to defendants' motions for summary judgment. Dkts. 69, 70. Therefore, the Court construes these pleadings as plaintiff's responses to defendants' motions for summary judgment. Defendants may therefore, at their option, file a reply to plaintiff's responses no later than February 6, 2009.

(3) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 23rd day of January, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER STRIKING CROSS-MOTION FOR SUMMARY JUDGMENT - 2