The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY LEWIS,

                Plaintiff,

v.

CITY OF SEATTLE, et al.,

                Defendant.

Case No. C07-1517 MJP

**ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF NEW COUNSEL AND THE PARTIES' JOINT MOTION TO EXTEND DEADLINES**

      This matter comes before the Court on Plaintiff's motion for appointment of new counsel from the pro bono panel (Dkt. No. 141) and a joint motion to extend certain deadlines (Dkt. No. 142). The Court has reviewed the submissions and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES the request for new counsel and GRANTS IN PART the request to extend certain deadlines.

**Background**

      Plaintiff, proceeding in forma pauperis and in custody, alleges Defendants violated his First, Fourth, Ninth, 10th, and 14th Amendment rights during events at and related to his arrest on March 10, 2005. On May 9, 2009, the Court adopted Magistrate Judge Tsuchida's Report and Recommendations. The Court denied Defendants' motion for summary judgment on the issues

of (1) whether Defendants Lee, Tietjen, and Zieger unlawfully stopped and detained Plaintiff, (2) whether Defendants Lee and Tietjen used excessive force, and (3) whether Defendant Zieger failed to protect Plaintiff. (Dkt. No. 101.) On May 18, 2009, the Court referred this matter to the pro bono panel to see if any attorney at the bar would volunteer to take Plaintiff's case. Four months later, Mr. Jeffrey Grant of the law firm Aoki, Sakamoto and Grant was appointed. (Dkt. No. 132.)

**Discussion**

I. <u>Motion for Appointment of New Counsel</u>

As Plaintiff has been made aware, a request for appointment of counsel by a party proceeding in forma pauperis will be granted only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); Dkt. No. 80 at 1-2 (Order Denying Third Motion to Appoint Counsel). There is no right to have counsel appointed in cases brought under § 1983. (<u>See</u> Dkt. Nos. 40, 44.) The Court was fortunate to have Mr. Grant volunteer. Mr. Grant is a capable attorney who has extensive experience practicing before this Court.

The Court is unwilling to refer this matter to the pro bono panel a second time, particularly when Mr. Grant remains willing to represent Mr. Lewis in this matter. (Dkt. No. 142 at 2 n.2.) Plaintiff has a choice; he may either (1) continue to proceed with Mr. Grant or (2) request that Mr. Grant withdraw and proceed pro se. When making this decision, the Court directs Plaintiff to be aware that he faces the practical problem of presenting his case for trial while he is incarcerated and that he will be held to the same standards as a lawyer. In other words, terminating counsel may lead to a delay in the resolution of this matter until he is released from custody and can be physically present to represent himself.

The Court requests Plaintiff inform the Court and counsel within 14 days of this Order whether he is willing to proceed with Mr. Grant as his attorney or if he wishes to proceed pro se.

II. <u>Joint Motion for Extension of Discovery Deadlines</u>

1  The Court finds good cause exists to extend the discovery deadline from May 21, 2010 to
2  June 21, 2010.  The parties may revisit the deadlines in this matter once Plaintiff has indicated
3  whether he wishes to proceed with counsel.

**Conclusion**

Plaintiff shall file a notice within 14 days of this Order informing the Court whether he wishes to proceed with counsel or if he wishes to proceed pro se.  The motion for appointment of a new attorney from the pro bono panel is DENIED.  The motion to extend the discovery deadline is GRANTED IN PART.  The Clerk shall transmit a copy of this Order to all counsel of record and mail a copy to Mr. Lewis.

Dated this 25 day of May, 2010.

Marsha J. Pechman
United States District Judge